**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| KENNETH MONTE KENT, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 13-4156-CV-C-FJG |
| ) | |
| CHARTER COMMUNICATIONS, LLC, et al., ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court are (1) Defendants' Motion to Dismiss Plaintiff's Petition (Doc. No. 10); (2) Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 14); and (3) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 27).

**I.  Background**

On April 26, 2013, plaintiff Kenneth Monte Kent filed this action in the Circuit Court of Camden County, Missouri, arguing that his former employer breached a written agreement to pay plaintiff commissions based on payments received for certain sales. Plaintiff alleges that although demand was made on or about July 24, 2004, his former employer failed and refused to make any payments to plaintiff as commission on sales.

Plaintiff sued Charter Communications, LLC, Charter Communications Holding Company, Falcon Cablevision, Falcon Telecable, CC Systems, LLC, Charter Communications Entertainment I, LLC, Charter Communications Entertainment I, L.P., Charter Communications Inc., Enstar Cable Corporation, Enstar Communications Corporation, Falcon Cable Communications, 212 Seventh Street, Charter

Communications VII, LLC, and Interlink Communications Partners, LLC.  See Petition, Doc. No. 1, Ex. 1.  On June 14, 2013, defendants removed this action to federal court, arguing that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Notably, defendants argue that Missouri citizens 212 Seventh Street, Charter Communications Entertainment I, L.P., Enstar Communication, Inc. and Enstar Cable Corporation have been fraudulently joined because (1) these entities did not employ plaintiff; (2) these entities are no longer active corporate entities; and (3) these entities have not been alleged to be parties to the contract at issue with plaintiff.[1]  Plaintiff did not file a motion to remand.

On July 17, 2013, defendants filed a motion to dismiss (Doc. No. 10). Defendants argue that plaintiff's petition fails to state a claim because (1) the claim is barred by the statute of limitations; and (2) the plaintiff has not pled that the named defendants were a party to a contract, breached the contract, or caused plaintiff damage.  In particular, defendants note that plaintiff has provided no information as to the signatory of the contract, and has named 14 Charter entities or affiliated entities. Defendants also argue that the appropriate statute of limitations is five years, as plaintiff's claim have their basis in general contract law and thus are governed by the five-year statute of limitations of R.S. Mo § 516.120.  Given that plaintiff alleges that the contract was breached in 2004, defendants argue that plaintiff's claims are time-barred.

On August 5, 2013, plaintiff filed both a response to defendants' motion to

---

[1] In the original petition, plaintiff names 14 defendants, but then alleges that (1) "Defendant" entered into a written agreement with plaintiff (Doc. No. 1-1, ¶ 3), (2) "Defendant" breached that agreement by failing to pay plaintiff commissions due and owing (Doc. No. 1-1, ¶ 5), and (3) "Defendant" has continued to receive payments upon which plaintiff is due commissions.

2

dismiss (Doc. No. 15) and a request for leave to file a first amended complaint (Doc. No. 14). Plaintiff asserts that the first amended complaint contains all facts necessary to support a cause of action under Missouri law, as it sets forth that (1) all of the named defendants in this case were doing business as "Charter Communications" based on fictitious name registrations with the Missouri Secretary of State's Office; (2) the defendants are a joint venture and/or are the alter ego of one another; (3) the defendants have obscured their relationship with plaintiff by assuming a fictitious named shared with numerous other entities, and plaintiff entered into an agreement with "Charter Communications"; and (4) plaintiff has pled the elements of a Missouri cause of action for breach of contract. With respect to the statute of limitations, plaintiff argues that the contract at issue herein is a written contract, and R.S.Mo. § 516.110 (which provides for a 10 year statute of limitations on "An action upon any writing . . . for the payment of money . . .") should apply.

Defendants responded with a renewed motion to dismiss plaintiff's first amended complaint (Doc. No. 17). Defendants reiterate their belief that a five-year, rather than 10-year, statute of limitations should apply. Defendants further argue that plaintiff still has not identified which of the defendants was his employer. Plaintiff replies (Doc. No. 19, filed on September 9, 2013), again arguing that (1) the 10 year statute of limitations should apply, and (2) plaintiff intends to clarify through discovery whether the named defendants (a) were acting as a joint venture, (b) are alter egos of one another, and/or (c) filed fictitious name registrations as the same entity in order to perpetuate fraud on creditors. Defendants filed a further reply (Doc. No. 20, filed on September 26, 2013) generally reiterating the same arguments made in their motions to dismiss.

3

On November 8, 2013, plaintiff filed a motion for leave to file second amended complaint (Doc. No. 27). Plaintiff asserts that the second amended complaint is intended to clarify plaintiff's claims and incorporate information that was not available to plaintiff at the time of filing the first amended complaint. Defendants filed suggestions in opposition to plaintiff's motion to file second amended complaint (Doc. No. 32, filed on November 25, 2013), indicating that the amendment is futile as "[n]o amount of amendments changes the fact that Plaintiff's claim accrued nearly ten years prior to filing this lawsuit and is, therefore, barred by the applicable statute of limitations." Doc. No. 32, p. 2.

## II. Standard

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff "must include sufficient factual information to provide 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562

4

(quoted case omitted). The standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the claim. Id. at 556.

Rule 15 directs courts to grant leave to amend "freely ... when justice so requires." While Rule 15 envisions a liberal amendment policy, justice does not require the filing of a futile amendment. Stricker v. Union Planters Bank, N.A., 436 F.3d 875, 878 (8th Cir. 2006). A proposed amendment is futile if it could not withstand a motion to dismiss for failure to state a claim. Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir.2010).

### III. Discussion

The Court takes up plaintiff's motion for leave to file a second amended complaint (Doc. No. 27). As discussed above, a proposed amended complaint is futile if it could not withstand a motion to dismiss for failure to state a claim. Zutz, 601 F.3d at 850.

Here, defendants argue that plaintiff's proposed second amended complaint is futile because plaintiff's claims are barred by the applicable statute of limitations. Upon consideration of the cases cited by defendants in support of their position, the Court cannot agree with defendants' position. At most, the cases cited by defendants stand for the proposition that certain causes of action related to a plaintiff's employment fall outside the two-year statute of limitations provided for wage and hour claims under Missouri law. See Trapp v. O. Lee, LLC, 918 F.Supp.2d 911, 914-15 (E.D. Mo. 2013) (denying defendant's motion to dismiss based on the two-year statute of limitations found in R.S.Mo. §§ 516.140 and 290.527, finding those statutes of limitations only applied to failure to pay overtime or minimum wages, and instead finding that the five-year general contract statute of limitations applied to plaintiff's claims for failure to pay

5

straight-time wages); Nobles v. State Farm Mut. Auto. Ins. Co., No. 2:10–CV–04175–NKL, 2011 WL 5563444, * 2 (W.D. Mo., Nov. 15, 2011) (same).  Furthermore, R.S.Mo. § 516.120, the five-year general contract statute of limitations, contains an exception for any contracts mentioned in R.S.Mo. § 516.11.

Plaintiff alleges he is owed money based on a written commission agreement. Plaintiff has not attached the written agreement to his proposed second amended complaint; however, for purposes of examining a motion to dismiss, the Court treats the allegations of the complaint as true.  Any "action upon any writing . . . for the payment of money or property" has a ten year statute of limitations under Missouri law.  R.S. Mo. § 516.110.  See also Hughes Development Co. v. Omega Realty Co., 951 S.W.2d 615, 617 (Mo. 1997) (finding that, "Taken at its plain meaning, section 516.110(1), the ten-year statute of limitations applies to every breach of contract action in which the plaintiff seeks a judgment from the defendant for payment of money the defendant agreed to pay in a written contract."). Accordingly, taking the well-pled allegations of the complaint as true, the Court cannot find that plaintiff's claims are barred by the applicable statute of limitations.  Perhaps summary judgment could be granted on the statute of limitations issue if discovery demonstrates that no written agreement exists.  However, at this time, dismissal based on the statute of limitations appears unwarranted.

Additionally, the Court finds that plaintiff has pled a plausible cause of action under the Iqbal standard against the fourteen defendants named in the second amended complaint.

Accordingly, for all the foregoing reasons, plaintiff's motion for leave to file second amended complaint (Doc. No. 27) will be **GRANTED**.

## IV. Conclusion

Accordingly, for the above-stated reasons:

1. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 27) is **GRANTED**. Plaintiff shall file his Second Amended Complaint on ECF within **THREE DAYS** of this Court's Order;

2. Defendants' Motion to Dismiss Plaintiff's Petition (Doc. No. 10) and Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 14) are **DENIED AS MOOT**; and

3. Given that the allegedly fraudulently-joined defendants remain named in the proposed Second Amended Complaint, defendants are **ORDERED** to file a motion to dismiss those defendants by the deadline for responding to plaintiff's Second Amended Complaint. Defendants are cautioned that if no proper basis for dismissal of the Missouri resident defendants exists, the Court will remand this case to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date: December 26, 2013  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge