# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| KENNETH M. KENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13-4156-CV-C-FJG |
| vs. ) | |
| ) | |
| CHARTER COMMUNICATIONS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are (1) Defendants' Motion to Dismiss (Doc. No. 38); and (2) Defendants' Motion for Reconsideration (Doc. No. 52). Both are considered below.

**I.      Background**

On April 26, 2013, plaintiff Kenneth Monte Kent, a resident of Camden County, Missouri and Thailand, filed this action in the Circuit Court of Camden County, Missouri, arguing that his former employer(s) breached a written agreement to pay plaintiff commissions based on payments received for certain sales. Plaintiff alleges that although demand was made on or about July 24, 2004, his former employer(s) failed and refused to make any payments to plaintiff as commission on sales.

Plaintiff sued Charter Communications, LLC, Charter Communications Holding Company, Falcon Cablevision, Falcon Telecable, CC Systems, LLC, Charter Communications Entertainment I, LLC, Charter Communications Entertainment I, L.P., Charter Communications Inc., Enstar Cable Corporation, Enstar Communications Corporation, Falcon Cable Communications, 212 Seventh Street, Charter

Communications VII, LLC, and Interlink Communications Partners, LLC. See Petition, Doc. No. 1, Ex. 1. On June 14, 2013, defendants removed this action to federal court, arguing that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Notably, defendants argue that defendants 212 Seventh Street, Charter Communications Entertainment I, L.P., Enstar Communication, Inc. and Enstar Cable Corporation have been fraudulently joined because (1) these entities did not employ plaintiff; (2) these entities are no longer active corporate entities; and (3) these entities have not been alleged to be parties to the contract at issue with plaintiff.[1] Plaintiff did not file a motion to remand.

On July 17, 2013, defendants filed a motion to dismiss (Doc. No. 10), arguing that plaintiff's petition failed to state a claim upon which relief could be granted. On August 5, 2013, plaintiff filed both a response to defendants' motion to dismiss (Doc. No. 15) and a request for leave to file a first amended complaint (Doc. No. 14). Defendants responded with a renewed motion to dismiss plaintiff's first amended complaint (Doc. No. 17). Defendants reiterated their belief that a five-year, rather than ten-year, statute of limitations should apply. Defendants further argued that plaintiff still had not identified which of the defendants was his employer. On November 8, 2013, plaintiff filed a motion for leave to file second amended complaint (Doc. No. 27). Plaintiff asserted that the second amended complaint was intended to clarify plaintiff's claims and incorporate

---

[1] In the original petition, plaintiff named 14 defendants, but then alleged that (1) "Defendant" entered into a written agreement with plaintiff (Doc. No. 1-1, ¶ 3), (2) "Defendant" breached that agreement by failing to pay plaintiff commissions due and owing (Doc. No. 1-1, ¶ 5), and (3) "Defendant" has continued to receive payments upon which plaintiff is due commissions (Doc. No. 1-1, ¶ 6).

2

information that was not available to plaintiff at the time of filing the first amended complaint. Defendants filed suggestions in opposition to plaintiff's motion to file second amended complaint (Doc. No. 32, filed on November 25, 2013), indicating that the amendment is futile as "[n]o amount of amendments changes the fact that Plaintiff's claim accrued nearly ten years prior to filing this lawsuit and is, therefore, barred by the applicable statute of limitations." Doc. No. 32, p. 2.

On December 26, 2013, the Court denied defendants' motion to dismiss, and granted plaintiff leave to file his second amended complaint. See Order, Doc. No. 33. Within that order, the Court indicated that, given that the allegedly fraudulently-joined defendants remained named in the proposed Second Amended Complaint, the defendants were required to file a motion to dismiss those defendants by the deadline for responding to plaintiff's Second Amended Complaint, or the Court would remand the case to state court for lack of subject matter jurisdiction.

On January 27, 2014, defendants filed a motion to dismiss for failure to state a claim (Doc. No. 38), arguing that as to defendant 212 Seventh Street, plaintiff cannot state a claim because plaintiff never had a contractual or employment relationship with defendant 212 Seventh Street. Defendants reiterate their previous arguments based on the statute of limitations, and further assert that plaintiff's claims are barred by the statute of frauds. Plaintiff responded on February 28, 2014, indicating that the statute of frauds does not bar his claims, the ten-year statute of limitations applies to this suit, and 212 Seventh Street is not fraudulently joined, as plaintiff has asserted that all fourteen named defendants are jointly doing business under the name "Charter Communications."

3

Defendants filed reply suggestions on March 17, 2014 (Doc. No. 45).

Upon initial review of defendants' motion to dismiss, the Court noticed that defendants only moved to dismiss one of the four allegedly fraudulently joined defendants identified in their Notice of Removal. In particular, in their Notice of Removal (Doc. No. 1), defendants argued that Charter Communications Entertainment I, L.P., Enstar Communication, Inc., and Enstar Cable Corporation were fraudulently joined. Defendants provided no citizenship information regarding those three defendants in their notice of removal.[2] Given that the defendants argued that these three defendants were fraudulently joined in the notice of removal, the Court was concerned that it might lack subject matter jurisdiction over this action. Accordingly, the Court ordered defendants to file a brief explaining the citizenship status of defendants Charter Communications Entertainment I, L.P., Enstar Communication, Inc., and Enstar Cable Corporation. See Order, Doc. No. 53.

On May 5, 2014, defendants filed their response to the Court's order, indicating (1) Charter Communications Entertainment I, L.P. was dissolved in 1999, and was a Delaware citizen for diversity purposes; (2) Enstar Cable Corporation was incorporated in the state of Georgia and had a principal place of business in Missouri; however, it merged with Enstar Communications Corporation in 2006 and ceased having a separate corporate existence; and (3) Enstar Communications Corporation was incorporated in the state of Georgia and had a principal place of business in Missouri; however, it was

---

[2] Defendants indicated in the notice of removal that all three of these defendants are defunct or inactive. That does not necessarily mean, however, that plaintiff has failed to state a cause of action against these defendants.

dissolved on December 8, 2010. Plaintiff filed a response (Doc. No. 56), indicating that defendant 212 Seventh Street is a Missouri corporation and a joint venture with all of the other defendants, and any doubt about whether plaintiff could state a claim against 212 Seventh Street should be resolved in discovery.[3]  Plaintiff requests (for the first time) that the case be remanded to the Circuit Court of Camden County, Missouri.

**II.     Standard**

When ruling on a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff "must include sufficient factual information to provide 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard "simply calls for enough fact

---

[3] Plaintiff does not respond to defendants' demonstration of the citizenship of defendants Charter Communications Entertainment I, L.P., Enstar Communication, Inc., and Enstar Cable Corporation.

to raise a reasonable expectation that discovery will reveal evidence of" the claim. Id. at 556.

In cases that have been removed from state court to federal court pursuant to 28 U.S.C. § 1441(a), fraudulent joinder provides an exception to the general rule that the presence of a forum defendant or non-diverse defendant destroys diversity jurisdiction. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." In re Prempro Prod. Liab. Litig., 591 F.3d 613, 620 (8th Cir.2010) (citing Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir.2003)). Joinder is fraudulent where there is no reasonable basis in fact and law supporting the claim. Filla, 336 F.3d at 810; Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir.2002). In considering whether there is "arguably a reasonable basis for predicting that the state law might impose liability," the court must "resolve all facts and ambiguities in the ... controlling substantive law in the plaintiff's favor." Filla, 336 F.3d at 811. "[I]f there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." Manning v. Wal–Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo.2004)(quoting Filla, 336 F.3d at 810) (emphasis in original). Furthermore, the Eighth Circuit has instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.'" Filla, 336 F.3d 811 (quoting Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir.1977)).

## III.     Discussion

Upon consideration of defendants' motion to dismiss, the Court finds that defendants have not demonstrated that defendant 212 Seventh Street has been fraudulently joined.  Defendants first argue that defendant 212 Seventh Street must be dismissed because 212 Seventh Street was never plaintiff's employer and never entered into a contractual agreement with plaintiff as an employee. To demonstrate this fact, however, defendants point to a declaration from Kimberly Glazebrook stating that plaintiff was not employed by 212 Seventh Street.  Although defendants suggest the Court should analyze the issue of defendant 212 Seventh Street's alleged fraudulent joinder under Fed. R. Civ. P. 12(b)(1) as a factual challenge to subject matter jurisdiction so that the Court could consider facts outside the pleadings (see Iowa League of Cities v. E.P.A., 711 F.3d 844, 861 (8th Cir. 2013) (citing Osborn v. United States, 918 F.2d 724, 729-30 & n.6 (8th Cir. 1990))), the Court finds that defendants are not actually challenging this Court's subject matter jurisdiction over defendant 212 Seventh Street, as the remedy for lack of subject matter jurisdiction over 212 Seventh Street would be remand of this case to state court.  Instead, defendants are arguing that plaintiff cannot state a claim upon which relief may be granted, as they argue that defendant 212 Seventh Street never had employees and was not plaintiff's employer.  Plaintiff has pleaded in his Second Amended Complaint: (1) all fourteen defendants are a joint venture, (2) defendants have obscured plaintiff's actual employer, (3) defendants entered into an employment agreement with plaintiff, the terms of which included payment of commissions on sales made by plaintiff; (4) the commissions were paid pursuant to a writing; (5) on or about July

7

2004, defendants breached their agreement by failing to pay plaintiff commissions due and owing for that month, and (6) defendants have failed and refused to make any payments to plaintiff although demand was made to them on or about July 24, 2004. See Doc. No. 34. The Court finds that accepting those well-pleaded facts as true, as it must at this stage of the litigation, leads to the conclusion that state law might impose liability upon 212 Seventh Street.[4]

Further, defendants note that the United States previously obtained a judgment against plaintiff (U.S. v. Kent, W.D.Mo. Case No. 01-cv-4133), and in an effort to collect that judgment, the United States applied for a Writ of Garnishment against Charter Communications Holding Company LLC. Defendants argue that this Writ of Garnishment is a public record that establishes that plaintiff was not employed by 212 Seventh Street. The Court, however, finds that the Writ of Garnishment establishes only that plaintiff may have been employed by Charter Communications Holding Company LLC at one point in time, and does not eliminate the possibility that plaintiff could have been employed by 212 Seventh Street or that 212 Seventh Street is not otherwise liable

---

[4] Although defendants urge the Court to allow jurisdictional discovery if the Court determines that the motion to dismiss should be denied, the Court does not believe defendants have shown that jurisdictional discovery should be allowed under the circumstances of this case. In Wells' Dairy, Inc. v. American Indus. Refrigeration, Inc., 157 F.Supp.2d 1018 (N.D. Iowa 2001), the case cited by defendants in support of the proposition that discovery should be allowed, Judge Mark W. Bennett ultimately denied defendant's motion for limited discovery, as "[r]ather than a challenge to 'jurisdictional' facts, which might properly be the subject of such discovery, [defendant's] fraudulent joinder challenge goes directly to the merits of [plaintiff's] claims against the resident defendant, . . . , but it is precisely the facts challenged in this case that must be taken as true under the applicable standards." Id. at 1043. The exact same analysis is applicable under the facts of this present case; defendants do not challenge jurisdictional facts, but rather challenge well-pled facts in plaintiff's complaint. No discovery should be allowed under these circumstances.

to plaintiff. Resolving all well-pled facts in plaintiff's favor, as this Court must do under both 12(b)(6) and the fraudulent joinder analysis, the Court concludes that state law might impose liability on the resident defendant under the facts alleged.

Defendants continue to argue that the claims against them (and against 212 Seventh Street, in particular) are barred by the statute of limitations. However, for the reasons stated in the Court's previous order (Doc. No. 33, pp. 5-6), taking the well-pled allegations of the complaint as true, the Court cannot find that plaintiff's claims are barred by the applicable statute of limitations. As discussed previously, this issue would be better raised on summary judgment.

Finally, defendants argue that the plaintiff's claims are barred by the statute of frauds. As noted by plaintiff, full performance by one party of a contract will take a contract outside the ambit of the statute of frauds, R.S.Mo. § 432.010. See Stander v. Szabados, 407 S.W.3d 73, 80-81 (Mo. App. W.D. 2013). Plaintiff alleges in his second amended complaint that he has fully performed all of his obligations under the contract. See Doc. No. 34, ¶ 12. Accordingly, the Court finds that the claims against defendants, including defendant 212 Seventh Street, cannot be dismissed at this time based on the statute of frauds.

Accordingly, defendants' motion to dismiss (Doc. No. 38) is **DENIED**. Given that defendants have failed to secure a dismissal of the forum defendant 212 Seventh Street, this case must be **REMANDED** to the Circuit Court of Camden County, Missouri.

**IV.**  **Conclusion**

Accordingly, for the above stated reasons, it is **ORDERED**:

1) Defendants' motion to dismiss (Doc. No. 38) is **DENIED**;

2) This case is **REMANDED** to the Circuit Court of Camden County, Missouri;

3) Defendants' Motion for Reconsideration (Doc. No. 52) is **DENIED AS MOOT**; and

4) The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the State Court.

**IT IS SO ORDERED.**

Dated: August 21, 2014
Kansas City, Missouri

/s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge